UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-cv-240-HRW

EDITH FLETCHER,                                                    PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed her current application for a supplemental security income benefits on October 14, 1998 (Tr. 120), alleging disability beginning on May 31, 1995, due to nervousness, severe pain in the right hand, headaches, back pain,

1

chest pain, heart problems, leg pain and dry mouth.[1] This application was denied initially and on reconsideration. Administrative Law Judge William Gitlow issued a denial decision on September 29, 2000. The Appeals Council denied Plaintiff's request for review, thereby prompting Plaintff to file a civil action in the United States District Court for the Eastern District of Kentucky. The District Court remanded the matter for consideration of the deposition of Plaintiff's treating psychiatrist, Dr. Samuel Welch.

On remand, the matter was assigned to Administrative Law Judge Don C. Paris who convened a hearing on March 5, 2004. At the close of that hearing, ALJ Paris determined that a medical expert was needed to address the conflicting evidence regarding Plaintiff's mental impairment. Thus, the hearing was continued and the ALJ sent interrogatories to Dr. Stuart Gitlow, a psychiatrist. Following receipt of Dr. Gitlow's assessment, the ALJ reconvened the hearing wherein Plaintiff, accompanied by counsel, testified. At the hearing, Leah Salyers, a vocational expert (hereinafter "VE"), also testified.

---

[1] As the ALJ noted, res judicata applies to the period prior to the filing of this claim. The record reveals that Plaintiff had a prior hearing and decision on the period from May 31, 1995 through April 18, 1997 and did not reapply for benefits for more than two years. Thus, pursuant to Title XVI, only the period beginning October 14, 1998 and ending on May 21, 2001 is at issue here.

2

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On July 27, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 347-358).

Plaintiff was 36 years old at the time of the hearing decision. She has a high school education with special training in business (Tr. 349). She has no past relevant work experience other than babysitting more than 15 years ago and a short

stint training at McDonalds.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr.357).

The ALJ then determined, at Step 2, that Plaintiff suffered from obesity, anxiety disorder, mood disorder and borderline intellectual functioning, which he found to be "severe" within the meaning of the Regulations (Tr. 357).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 357).

The ALJ determined that she has the residual functional capacity ("RFC") to perform a significant range of light work (Tr. 358). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 358). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 26, 2005 (Tr. 336-339).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 9 and 11] and this matter is ripe for decision.

### III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's sole contention on appeal is that the ALJ should have found

Plaintiff to be presumptively disabled at Step 3 of the sequential process by finding that she meets the requirements of Listing 12.05.

The Sixth Circuit Court of Appeals stated in *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999), "the burden of proof lies with the claimant at steps one through four of the [sequential disability benefits analysis]," including proving presumptive disability by meeting or exceeding a Medical Listing at step three. Thus, Plaintiff "bears the burden of proof at Step Three to demonstrate that he has or equals an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1." *Arnold v. Commissioner of Social Security*, 238 F.3d 419, 2000 WL 1909386, *2 (6th Cir. 2000 (Ky)), *citing Burgess v. Secretary of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). If the Plaintiff "can show an impairment is listed in Appendix 1 ("the listings"), or is equal to a listed impairment, the ALJ must find the claimant disabled." *Buress v. Secretary of Health and Human Services*, 835 F.2d 139, 140 (6th Cir. 1987).

"The listing of impairments 'provides descriptions of disabling conditions and the elements necessary to meet the definition of disabled for each impairment." *Arnold*, at **2, quoting *Maloney v. Commissioner*, 211 F.3d 1269, 2000 WL 420700 (6th Cir. 2000). In order for the Plaintiff "to qualify as disabled under a listed impairment, the claimant must meet **all** the requirements specified in the

Listing." *Id*. (emphasis added). This must be done by presenting specific medical findings that satisfy the particular Listing. *Sullivan v. Zebley*, 493 U.S. 521, 530-532, (1990). An impairment that manifests only some of the criteria in a particular Listing, "no matter how severely, does not qualify." *Sullivan*, at 530. In other words, it is insufficient for a claimant to almost meet the requirements of a listed impairment. *See, Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986)

    Listing 12.05 provides in pertinent part:

> 12.05 *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.,* the evidence demonstrates or supports onset of the impairment before age 22.
> The required level of severity for this disorder is met when the requirements in A, B, C or De are satisfied.
> . . . .

    Subpart C requires:

> A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05.

    The Court is mindful of the introductory material to the mental disorders

listings which serves to clarify Listing 12.05:

> The structure of the listing for mental retardation (12.05) is different than that of other mental disorders listings. Listing 12.05 contains an introductory paragrapgh with a diagnostic description for mental retardation. It also contains four sets of criteria (paragraphs A through D). If the impairment satisfies the diagnostic description in the introductory paragrapgh **and** any one of the four sets of criteria, [the Commissioner] will find that the impairment meets the listing.

20 C.F.R. pt. 404, subpt. P, app. 1, § 12.00 A (emphasis added).

In this case, Plaintiff argues that she has satisfied the severity requirements set forth in Subpart C. She has not. As the ALJ discussed, however, the record contains conflicting evidence regarding IQ scores. Testing in 1999 and 2003 resulted in scores below 70, but testing in 1995 resulted in a score above 70 (Tr. 293, 319-320, 410-411). In addition, the diagnoses or clinical impressions of her intellectual functioning vary from borderline intellectual functioning to mental retardation. Yet, as the ALJ noted, the extreme finding of mental retardation was not accompanied by work-related limitations (Tr. 352, 408-416).

The Court, having reviewed the record, finds that the record contains substantial evidence to support the ALJ's finding that Plaintiff's impairment did not meet or equal Listing 12.05. Given the contradictory evidence, the ALJ's assessment was reasonable. While, arguably, there may be some evidence to the

contrary, a Court should affirm the ALJ's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001). *See also, Casey v. Secretary of Health and Human Services,* 987 F.2d 1230, 1235 (6th Cir. 1993).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This   November 6, 2006.

Signed By:
Henry R Wilhoit Jr.
United States District Judge